IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2019

**STATE OF TENNESSEE v. THOMAS MASSEY**

**Appeal from the Circuit Court for Rutherford County
Nos. 57638, 61882, 64695  David M. Bragg, Judge**

_____

**No. M2019-00700-CCA-R3-CD**

_____

The Appellant, Thomas Massey, filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, and the Rutherford County Circuit Court summarily denied the motion.  On appeal, the Appellant contends that the effective ten-year sentence he received pursuant to his guilty pleas to aggravated assault and evading arrest is illegal because he is being held beyond the period of incarceration authorized by the judgments of conviction.  Based upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Thomas Massey, Pro Se, Hartsville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Jennings Hutson Jones, District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The appellate record reflects the following procedural history:  On February 13, 2006, the Appellant pled guilty in case numbers 57637 and 57638 to failure to appear, a Class E felony, and simple possession.  Pursuant to the plea agreement, he was sentenced as a Range II, multiple offender to consecutive sentences of two years and eleven months, twenty-nine days, respectively, suspended to supervised probation.  On August 18, 2008, the Appellant pled guilty in case number 61882 to possession of marijuana with intent to

sell, a Class E felony. Pursuant to the plea agreement, he was sentenced as a Range II, multiple offender to three years, suspended to supervised probation, and ordered to serve the sentence consecutively to the previous sentences. Finally, on May 16, 2011, the Appellant pled guilty in case number 64695 to aggravated assault, a Class C felony, and evading arrest, a Class D felony. Pursuant to the plea agreement, he was sentenced as a Range II, multiple offender to ten years and eight years, respectively, and ordered to serve the sentences concurrently on community corrections but consecutively to his prior sentences.

On February 18, 2018, the Appellant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, the Appellant claimed that his two-year sentence in case number 57638 expired on February 13, 2008, and that his three-year sentence in case number 61882 expired "on or around" March 2011. He also claimed that on January 4, 2013, the trial court determined that he had violated his "probation" in case number 64695 and ordered that he serve "99 days, which was considered time served, and reinstated Petitioner's probation for the original ten-year period to be served on Community Corrections." The Appellant alleged that on August 12, 2016, and April 25, 2017, the trial court again found that he had violated his "probation" in case number 64695. He stated that for the August 2016 violation, the trial court ordered that he receive applicable jail credit and be placed "back on probation for the original ten-year period to be served on Community Corrections." The Appellant stated that for the April 2017 violation, the trial court placed his ten-year sentence into effect but awarded him applicable jail credit. The Appellant argued that his effective sentence in case number 64695 was illegal because the trial court "subject[ed] him to double jeopardy by forcing him to [serve] the ten-year sentence beyond his term of imprisonment, by restarting his ten-year sentence over from the beginning each time the court [violated] his probation." In a written order, the trial court summarily denied the Appellant's Rule 36.1 motion, concluding that it failed to state a colorable claim.

## II. Analysis

On appeal, the Appellant maintains that his effective ten-year sentence in case number 64695 is illegal. The State argues that the Appellant is not entitled to relief pursuant to Rule 36.1. We agree with the State.

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this

category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. Conversely, "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. Few appealable errors rise to the level of an illegal sentence. Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" Wooden, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." Id. at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. Id. at 588.

The Appellant argues that his effective ten-year sentence in case number 64695 began on May 16, 2011, and that his sentence is illegal because "[t]he trial judge [subjected] the Petitioner to double jeopardy by forcing him to [serve] the ten-year sentence beyond his term of imprisonment, by restarting his ten-year sentence over from the beginning each time the court [violated] his probation." However, the appellate record consists only of the judgments of conviction for case numbers 57638, 61882, and 64695; the Appellant's guilty plea agreements and alternative sentencing orders in those cases; the Appellant's pro se Rule 36.1 motion; and the trial court's order summarily denying the motion. The record does not contain any revocation hearing transcripts or revocation orders.

The judgments of conviction in case number 64695 clearly reflect that the Petitioner was to serve concurrent sentences of ten years for aggravated assault and eight years for evading arrest on community corrections, not probation. We note that when a trial court revokes a defendant's probation, the trial court can reinstate the original sentence from the date of revocation so that the defendant begins serving the original sentence anew. See Tenn. Code Ann. § 40-35-310(a); State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999). In contrast, when the trial court revokes a community corrections sentence, the court may order incarceration "for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any

community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(3). The Appellant could have appealed any revocation order within thirty days of entry but failed to do so. See Tenn. R. App. P. 3(b), 4(a). In sum, the record before us reflects that the Appellant received statutorily-authorized ten-year and eight-year sentences for his convictions of aggravated assault and evading arrest, and nothing indicates that his sentences contravene any sentencing statute. Accordingly, we conclude that the trial court's summary dismissal of his Rule 36.1 motion was proper.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE